Jacob J. Schwabtzwald, J.
The third-party defendant, a foreign corporation, appears specially to set aside the service of the summons upon the ground (1) that the defendant is not subject to the jurisdiction of the court as it was not and is not doing business within the State of New York so as to subject itself to the service of process in the State and (2) that if the court has jurisdiction, the summons was not served in accordance with the provisions of section 229 of the Civil Practice Act.
The third-party defendant apparently is an Ohio corporation having its office in Cincinnati. It is contended by the third-party defendant that the summons, while served in the State of New York, was served upon a factory representative, a resident of Connecticut, who was not and is not an officer, managing agent or even an employee of defendant, who is paid on a strictly commission basis; that it has no other representative in this State who in any way handles its business, takes orders or delivers orders, nor does it have an office in the State for the solicitation of business and is in this State occasionally and casually with no manner of permanence and continuity; that the solicitation of occasional orders by a commission salesman cannot be deemed doing business in this State.
These contentions are disputed by the third-party plaintiff who claims that the defendant has a place of business and office in New York City, is listed in the building directory as well as the telephone directory and that he is continuously operating its business in this State.
While it is true that mere solicitation of business for out-of-State concerns is not enough to constitute doing business in this State (Miller v. Surf Properties, 4 N Y 2d 475), and there must be additional activities to render the corporation subject to jurisdiction (Tauza v. Susquehanna Coal Co., 220 N. Y. 259), the court cannot from the conflicting affidavits submitted determine whether the third-party defendant is actually doing business within the State to be amenable to service of a summons upon it nor can it be determined, assuming that the defendant is doing business within the State, whether the person served falls within the provisions of section 229 of the Civil Practice Act.
Accordingly, the motion is referred to an official referee to hear and determine if the parties so stipulate, otherwise to hear and report.
Submit order.