Blaise G.A. PASZTORY, Plaintiff,

v.

CROATIA LINE, Malta Cross Shipping Co., Ltd., and Security Storage and Van Company of Norfolk, Virginia, Inc., Defendants.

Civil A. No. 2:95cv998.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 20, 1996.

David Nash Payne, Williams, Kelly & Greer, P.C., Norfolk, VA, Daniel Reid Warman, Williams, Kelly & Greer, Norfolk, VA, for Blaise G.A. Pasztory.

D. Arthur Kelsey, Jr., Hunton & Williams, Norfolk, VA, for Croatia Line, Malta Cross Shipping Company, Ltd.

James A. Eastwood, Dombroff & Gilmore, Washington, DC, Terence M. Healy, Dombroff & Gilmore, Washington, DC, for Security Storage and Van Co. of Norfolk, Va, Inc.

## OPINION AND ORDER

MILLER, United States Magistrate Judge.

This admiralty suit involving the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.* (1988), comes before the Court on a joint motion to dismiss filed by Defendants Croatia Line and Malta Cross Shipping Co., Ltd. ("Malta Cross"). For the reasons stated below, the motion is **GRANTED.**

### I.

On October 6, 1995, the Plaintiff, Blaise G.A. Pasztory, a securities lawyer who resides in New York, filed a complaint against the following Defendants: 1) Croatia Line, a foreign corporation with its principal place of business in Croatia; 2) Malta Cross, a foreign corporation with its principal place of business in Malta; and 3) Security Storage and Van Co. of Norfolk, Virginia ("Security Storage"), a Virginia corporation with its principal place of business in Norfolk. Defendants Croatia Line and Malta Cross filed this joint motion to dismiss and joint motion for judgment on the pleadings on January 23, 1996. On February 29, 1996, the parties consented to proceed before a Magistrate

Judge pursuant to 28 U.S.C. § 636(c) (Supp. 1994) and Fed.R.Civ.P. 73.

Generally speaking, the complaint alleges that the Plaintiff contracted to have a vessel owned by Defendant Malta Cross and operated and managed by Defendant Croatia Line ship $80,000 worth of his furniture and personal effects (the "Goods") from Genoa, Italy to Norfolk in the fall of 1994, that Pasztory contracted to have Defendant Security Storage take the Goods from Norfolk to one of his residences in Locust Dale, Virginia, and that one or all of the Defendants are responsible for more than $50,000 of damage to the Goods sustained *en route* from Genoa to Locust Dale. Specifically, the complaint alleges three causes of action against Defendants Croatia Line and Malta Cross, including violation of COGSA (count one), negligence (count two), and breach of contract (count four); in addition, the complaint alleges three causes of action against Defendant Security Storage, including negligence (count three), breach of contract (count five), and breach of duty as a common carrier (count six).[1]

In their joint motion, Defendants Croatia Line and Malta Cross (hereinafter "the Defendants") claim that a forum selection clause in the bill of lading[2] requires the Plaintiff to pursue his claims in the District Commercial Court in Rijeka, Croatia. Because they further contend that COGSA preempts the Plaintiff's common law causes of action, the Defendants seek dismissal of Plaintiff's claims against them.

1. Defendant Security Storage filed a separate motion to dismiss on January 30, 1996. Because Plaintiff's counsel has informed the Court that he will dismiss his claims against Security Storage voluntarily, the Court will not further address Security Storage's motion.

2. Paragraph twenty-three (23) of the bill of lading provides in pertinent part:
 23. LAW AND JURISDICTION
 Insofar as anything has not been dealt with by terms and conditions of this Bill of Lading, Croatian law shall apply. Croatian Law shall also be applied in interpreting the terms and conditions hereof. All actions arising under this Bill of Lading shall be brought before the District Commercial Court in Rijeka to the exclusion of the jurisdiction of the courts of

In his response to the Defendants' joint motion, the Plaintiff asserts that a clause paramount in the bill of lading[3] trumps the forum selection clause in the same document and that the Court should refuse to enforce the forum selection clause in any event because Croatia is not a reasonable forum for the litigation of his claims.

## II.

The Court will first consider the enforceability of a forum selection clause in a COGSA case. Before granting the dismissal which the Defendants seek in their motion, the Court must also consider whether COGSA preempts state common law claims for lost or damaged goods transported over the seas.

### A.

As a general rule, forum selection clauses are presumed enforceable in federal courts sitting in admiralty. The Supreme Court considered the enforceability of a forum selection clause in an admiralty case in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In that case, an American corporation (Zapata) filed a suit in admiralty in a federal court in Florida against a German corporation and its vessel (the M/S Bremen) after an offshore drilling rig on board the M/S Bremen sustained damage during a storm in the Gulf of Mexico. The German corporation filed a motion to dismiss or stay the suit because of a forum selection clause requiring the litigation of disputes in the London Court of Jus-

 any other place, unless the Carrier appeals to another jurisdiction or voluntarily submits himself thereto.
 (Defs.' Exh. 1 at ¶ 23.)

3. Paragraph twenty-four (24) of the bill of lading provides in pertinent part:
 24. U.S.A. CLAUSE PARAMOUNT—If the Carriage covered by this Bill of Lading includes carriage to, from or through a port or place in the USA and any action is brought in the USA then this Bill of Lading shall be subject to the United States Carriage of Goods by Sea Act of 1936, the terms of which are incorporated herein and shall be paramount throughout Carriage by Sea....
 (Defs.' Exh. 1 at ¶ 24.)

tice. *See Bremen*, 407 U.S. at 2–6, 92 S.Ct. at 1909–11. While recognizing that forum selection clauses had been historically disfavored by American courts, *see id.* at 9–10, 92 S.Ct. at 1912–13, the Supreme Court enforced the forum selection clause, concluding that "in light of present-day commercial realities and expanding international trade … the forum clause should control absent a strong showing that it should be set aside." *Id.* at 15, 92 S.Ct. at 1916. The *Bremen* Court instructed federal courts to enforce forum selection clauses specifically unless the party opposing the clause could clearly show that it was unreasonable, unjust, against the strong public policy of the forum in which the suit was brought, or invalid because of a traditional contractual defense such as fraud or overreaching. *See id.*

■ More recently, the Supreme Court considered the enforceability of a forum selection clause in admiralty in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In that case, two cruise ship passengers filed a slip and fall admiralty suit against a Florida-based cruise line in federal court in Washington state and the cruise line filed a motion for summary judgment based on a forum selection clause which required the litigation of all claims in Florida. *See Carnival Cruise Lines*, 499 U.S. at 587–88, 111 S.Ct. at 1524–25. The passengers argued that the choice of forum clause should not be enforced because: 1) unlike the disputed clause in *Bremen*, the choice of forum clause at issue in *Carnival Cruise Lines* had not been freely negotiated, *see id.* at 590, 111 S.Ct. at 1525; and 2) it violated the Limitation of Vessel Owner's Liability Act ("the LVOLA"), 46 U.S.C.App. § 183c (1988), which made it unlawful for the owner of a maritime passenger carrier to "lessen, weaken, or avoid the right of any claimant to a trial by a court of competent jurisdiction…." *Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. at 1528. The Court chose to enforce the forum selection clause. *See id.* at 595, 111 S.Ct. at 1528. With respect to the first of the plaintiffs' arguments, the Court declined to accept the lower court's invitation to establish a special rule making forum selection clauses

in form contracts per se unreasonable and therefore unenforceable. *See id.* at 593, 111 S.Ct. at 1527. Forum selection clauses in form contracts may be reasonable in admiralty suits, the Court explained, because: 1) they provide a mechanism for members of the shipping industry to protect their special interest in minimizing the unusually large number of fora in which they are subject to suit due to the nature of their business; 2) they help to dispel confusion, spare litigants the time and expense of pretrial motions and conserve judicial resources; and 3) they potentially serve to benefit purchasers of maritime services by reducing the costs associated with such services. *See id.* at 593–94, 111 S.Ct. at 1527–28. In addition, the Court found that the passengers failed to satisfy the "heavy burden of proof," *see id.* at 595, 111 S.Ct. at 1528 (quoting *Bremen*, 407 U.S. at 17, 92 S.Ct. at 1917), required to set aside a forum selection clause on the grounds of inconvenience and that there was no breach of fundamental fairness in the case because there was no evidence of bad faith, fraud or overreaching on the part of the defendant cruise line. *See Carnival Cruise Lines* at 594–95, 111 S.Ct. at 1527–28. With respect to the second of the passengers' arguments, the Court held that requiring the plaintiffs to pursue their claims in a Florida court in no way lessened or weakened their right to a trial by a court of competent jurisdiction. *See id.* at 596, 111 S.Ct. at 1528.

A special rule regarding the enforceability of forum selection clauses in COGSA cases emerged in a line of decisions from the Circuit Courts of Appeals. In the seminal case on the issue, *Indussa Corp. v. S.S. Ranborg*, 377 F.2d 200 (2d Cir.1967) (*en banc*), a consignee (Indussa) of goods shipped by a Belgian agency from Antwerp to San Francisco brought a libel in rem against the vessel which carried the goods (the S.S. Ranborg) and the owners of the vessel moved for an order declining jurisdiction because of a forum selection clause in the bill of lading purportedly requiring disputes to be brought in Norway, the carrier's principal place of business. *See Indussa*, 377 F.2d at 201.

Relying on section 3(8) of COGSA,[4] the court in *Indussa* invalidated the forum selection clause because it

> puts 'a high hurdle' in the way of enforcing liability and thus is an effective means for carriers to secure settlements lower than if cargo could sue in a convenient forum.... Even when the foreign court would apply [COGSA or the Hague Rules upon which COGSA is based], requiring trial abroad might lessen the carrier's liability since there could be no assurance that it would apply them in the same way as would an American tribunal....

*Id.* at 203–04. The Courts of Appeals which addressed the issue before the Supreme Court did last June—including the Fourth Circuit—uniformly endorsed the reasoning of *Indussa* and invalidated forum selection clauses in COGSA cases. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* — U.S. —, —, 115 S.Ct. 2322, 2326, 132 L.Ed.2d 462 (1995) (citing *Union Ins. Soc. of Canton, Ltd. v. S.S. Elikon,* 642 F.2d 721, 723–25 (4th Cir.1981); *Conklin & Garrett, Ltd. v. M/V Finnrose,* 826 F.2d 1441, 1442–44 (5th Cir.1987); Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* 145–46 n. 23 (2d ed. 1975)).

A Supreme Court decision last year effectively overruled the *Indussa* line of cases. In *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* — U.S. —, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995), a New York fruit distributor who received a damaged shipment of oranges from Morocco sued a Panamanian vessel chartered to a Japanese carrier in a federal court in Massachusetts and the defendants moved to stay the action and compel arbitration in Tokyo pursuant to the bill of lading's foreign arbitration clause. *See Sky Reefer,* — U.S. at —, 115 S.Ct. at 2325. The distributor argued that the foreign arbitration clause should not be enforced for two reasons: 1) it lessened COGSA liability by increasing the costs of obtaining relief and therefore was null and void under COGSA section 3(8); and 2) there was no guarantee that foreign arbitrators would apply COGSA in their resolution of the dispute. *See id.* at —, 115 S.Ct. at 2326. The Court chose to enforce the foreign arbitration clause. *See id.* at —, 115 S.Ct. at 2325. With respect to the first argument, the Court expressly rejected *Indussa*'s interpretation of section 3(8) of COGSA, *see id.* at —, 115 S.Ct. at 2326 ("The determinative provision in COGSA, examined with care, does not support the arguments advanced first in *Indussa* and now by the petitioner"), and held that procedural mechanisms with the practical effect of making recovery under COGSA more difficult do not amount to a lessening of liability so as to be nullified by section 3(8) of COGSA:

> [Section 3(8) of COGSA] ... addresses the lessening of the specific liability imposed by the Act, without addressing the separate question of the means and costs of enforcing that liability. The difference is that between explicit statutory guarantees and the procedure for enforcing them, between applicable liability principles and the forum in which they are to be vindicated.... Nothing in this section ... suggests that the statute prevents the parties from agreeing to enforce these obligations in a particular forum. By its terms, it establishes certain duties and obligations, separate and apart from the mechanisms for their enforcement.

*Id.* at —, 115 S.Ct. at 2327. The Court further explained that the distributor's interpretation of section 3(8) of COGSA was undermined by *Carnival Cruise Lines,* wherein the Court held that a forum selection clause did not lessen or weaken a claimant's rights under the LVOLA. *See id.* at —, 115 S.Ct. at 2327. In addition, the Court noted that none of the sixty-six (66) countries that have enacted some form of the Hague Rules upon which COGSA is modeled has interpreted the equivalent of section 3(8) to prohibit foreign forum selection clauses. *See id.* at —, 115 S.Ct. at 2328. Lastly, the Court explained that contemporary principles of international comity and commercial practice require that

---

4. *Indussa* indicates that section 3(8) of COGSA provided in pertinent part: " '[A]ny clause ... in a contract of carriage * * * lessening (the carrier's liability for negligence, fault, or dereliction of statutory duties) otherwise than as provided in this Act, shall be null and void and of no effect.' " *Id.* at 203.

courts of this country strive to give effect to forum selection clauses in order .to avoid disparaging the authority of international dispute resolution fora and to promote the orderliness and predictability which are essential to international business. *See id.* With respect to the second of the distributor's arguments against enforcing the forum selection clause, the Court held that any concerns that the foreign arbitrators would not apply COGSA were premature because the foreign arbitrators had not had the opportunity to make their choice of law decision and because the district court retained jurisdiction to review the decision of the foreign arbitrators to ensure that it was not repugnant to the public policy of the United States. *See id.* at —— – ——, 115 S.Ct. at 2329–30 (citing 1 Restatement (Third) of Foreign Relations Law of the United States § 482(2)(d) (1986)). Significantly, the Court noted that a foreign arbitration clause would be void as against public policy if there were no opportunity for review of the foreign arbitrator's decision *and* the choice of forum and choice of law provisions operated in tandem as a waiver of statutory rights guaranteed by COGSA. *See Sky Reefer,* —— U.S. at ——, 115 S.Ct. at 2330.

In deciding the enforceability of the forum selection clause in the case *sub judice,* this Court is compelled to follow the directives of *Sky Reefer.* Accordingly, the Court will consider: 1) whether the disputed clause is void because of COGSA section 3(8); and 2) whether the substantive law the foreign forum would apply if the disputed clause were enforced is less than what COGSA guarantees.

The majority of the Supreme Court unequivocally concluded in *Sky Reefer* that a foreign forum selection clause does not lessen the liability of a carrier under COGSA so as to be nullified by section 3(8) of that Act. It is true that *Sky Reefer* addressed the enforceability of a foreign arbitration

clause—as opposed to a foreign forum selection clause—in the COGSA context. Nonetheless, the majority opinion in that case expressly stated: "Nothing in [section 3(8) of COGSA] ... suggests that the statute prevents the parties from agreeing to enforce these obligations in a particular forum." *Id.* at ——, 115 S.Ct. at·2337. This language sweeps broadly enough to encompass foreign forum selection clauses as well as foreign arbitration clauses. Indeed, the two separate opinions in the case read the majority opinion to apply with equal force to foreign forum selection clauses and foreign arbitration clauses. *See id.* at ——, 115 S.Ct. at 2330 (O'Connor, J., concurring) and *id.* at —— n. 7, 115 S.Ct. at 2333 n. 7 (Stevens, J., dissenting) ("The majority's reasoning ... thus presumably covers forum selection as well as arbitration."). The Court therefore CONCLUDES that ·the forum selection clause at issue in this case is not void because of COGSA section 3(8).

■ The Plaintiff has failed to establish that the substantive law the foreign tribunal would apply is less than what COGSA guarantees, as required by the second half of the *Sky Reefer* test. An agreement as to choice of law and forum would be void as against public policy only if there were no subsequent opportunity for review *and* the choice of forum and choice of law clauses operated in tandem to effect a waiver of statutory rights under COGSA. *See id.* at ——, 115 S.Ct. at 2330. The opportunity for subsequent review does not exist in this case to the extent that it did in *Sky Reefer* because this Court would not retain jurisdiction over this matter if the foreign forum selection clause were enforced.[5] Nevertheless, the Plaintiff has failed to present any evidence, other than a conclusory allegation that Croatia is politically unstable and jurisprudentially immature, which indicates that the designated forum in this case would apply anything less than what COGSA guarantees.

---

5. In oral argument, the Defendants posited that the opportunity for subsequent review exists in this case even if the forum selection clause is enforced because " 'A court in the United States need not recognize a judgment of the court of a foreign state if ... the judgment itself, is repugnant to the public policy of the United States.' "

*Id.* at ——, 115 S.Ct. at 2330 (quoting 1 Restatement (Third) of Foreign Relations Law of the United States § 482(2)(d) (1986)). The Court neither endorses nor rejects the Defendants' position because it finds the second part of *Sky Reefer* 's conjunctive test on this issue dispositive.

(*See* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss and Mot. for J. on Pleadings at 8–11.) On the other hand, the Defendants have identified persuasive legal authority which suggests that Croatia recognizes and enforces the Hague Rules upon which COGSA was modeled. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss and Mot. for J. on Pleadings at 11 (citing Department of State, *Treaties in Force: A List of Treaties & Other International Agreements of the United States in Force on January 1, 1994* at 367 (June 1994)).) Under these circumstances, the Court FINDS that the Plaintiff has failed to overcome the presumption of enforceability which attaches to forum selection clauses in federal courts sitting in admiralty. *See, e.g., Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913.

■ The Plaintiff's assertion that the clause paramount in the bill of lading trumps the foreign forum selection clause in the same document is not persuasive. This Court has not found a single case which even suggests that the Plaintiff's interpretation of the clause paramount is correct. Moreover, when questioned during oral argument, counsel for the Plaintiff conceded that they had no case law to support their interpretation of the interplay between a clause paramount and a forum selection clause in a bill of lading. The most pertinent authority the Court has found regarding the effect of a clause paramount in a bill of lading is as follows:

> The Scope of coverage is one of the most significant ways in which COGSA differs from the Hague Rules, the international convention on which the U.S. statute is based. Other countries generally apply their domestic enactments of the Hague (or the Hague–Visby) Rules only to outbound shipments. Congress instead decided to . . . extend the scope of coverage for COGSA to inbound as well as outbound shipments. Thus for most shipments to the United States, more than one legal regime will be compulsorily applicable: that of the country of shipment (under its laws) and COGSA (under U.S. law).
>
> . . . .

In an attempt to ensure that foreign courts will apply COGSA in cases involving shipments from the United States, section 13 requires outbound bills of lading to include a "clause paramount"—"a statement that [the bill of lading] shall have effect subject to the provisions of [COGSA]." No such statement is required for inbound bills of lading, but it is nevertheless common to see a "U.S. Trade" clause or a general "clause paramount" calling for the application of COGSA on shipments to the United States.

2A Michael F. Sturley, *Benedict on Admiralty* § 41, at 5–2 and 5–3 (7th ed. 1977) (footnotes omitted). Thus, a clause paramount in a bill of lading does nothing more than subject shipments to U.S. ports from foreign countries as well as shipments to foreign countries from U.S. ports to the terms and conditions of COGSA. While the Plaintiff's interpretation of the effect of the clause paramount in the bill of lading presently in dispute is plausible, the Defendants' interpretation—that a clause paramount in a bill of lading represents a contractual agreement to apply the COGSA package limitation to cases where the statute would not apply of its own force—is equally plausible. (*Compare* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss and Mot. for J. on Pleadings at 3–8 *with* Defs.' Rebuttal Mem. in Supp. of Mot. to Dismiss and Mot. for J. on Pleadings at 5–7.) Another plausible interpretation might be that the clause paramount had the effect of subjecting the Goods at issue in this case to COGSA even though the bill of lading would have otherwise been governed by the Croatian or Italian enactment of the Hague Rules, which, if true, would militate against voiding the forum selection clause because of the adequacy of the statutory guarantees (i.e. COGSA) in the foreign forum. In any event, more than a merely plausible argument regarding the interplay between a clause paramount and a forum selection clause in a bill of lading is needed to overcome the presumption of enforceability which generally attaches to forum selection clauses in federal courts. *See, e.g., Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913. Therefore, the Court FINDS that the Plaintiff has failed to carry his burden to "clearly show," *id.* at 15, 92 S.Ct. at

1916, that the forum selection clause should not be enforced because of the clause paramount.

■ The Plaintiff's contention that Croatia is not a reasonable forum for the resolution of the present dispute is also not persuasive. The Plaintiff claims that it is economically unrealistic to pursue his case in Croatia because the Goods which are the subject of the suit are located in Virginia, because two of the parties and a number of witnesses reside in the United States and because Croatia allegedly has only minimal connection to the dispute. (*See* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss and Motion for J. on the Pleadings at 8–10.) In essence, the Plaintiff argues that the forum selection clause is unreasonable because litigating his claim in Croatia would be "*seriously* inconvenient," *Bremen,* 407 U.S. at 16–17, 92 S.Ct. at 1916–17 (emphasis in original). The Supreme Court has twice in the last five years rejected similar claims of inconvenience. In both *Sky Reefer* and *Carnival Cruise Lines* the Court held that increased cost and inconvenience were not enough to defeat the operation of a forum selection clause in an admiralty suit. *See Sky Reefer,* —— U.S. at —— – ——, 115 S.Ct. at 2327–28; *see also Carnival Cruise Lines,* 499 U.S. at 595–96, 111 S.Ct. at 1528–29. The Court in *Sky Reefer* even questioned whether American courts should consider attempts to defeat choice of forum clauses based on inconvenience. *See Sky Reefer,* —— U.S. at ——, 115 S.Ct. at 2328 ("It would be unwieldy and unsupported by the terms or policy of [COGSA] to require courts to proceed case by case to tally the costs and burdens to particular plaintiffs in light of their means, the size of their claims, and the relative burden on the carrier."). In light of this precedent, the Court REJECTS the Plaintiff's argument that Croatia is so seriously inconvenient as to be an unreasonable forum for the resolution of this dispute.

The Defendants' joint motion to dismiss the COGSA claim in the complaint because of the forum selection clause in the bill of lading is **GRANTED**.

## B.

Having dismissed the only federal claim alleged in the complaint, the Court must now address the pendent claims alleging negligence and breach of contract. The Defendants maintain that COGSA preempts these pendent claims and that they should be dismissed accordingly. The Plaintiff has not refuted the Defendants' position on this issue.

■ The rule in this circuit is that COGSA preempts state common law claims relating to goods subject to a bill of lading which are lost or damaged prior to delivery. In *Wemhoener Pressen v. Ceres Marine Terminals, Inc.,* 5 F.3d 734, 740 (4th Cir.1993), a German shipper (Wemhoener) filed a claim against a carrier and a terminal operator (Ceres) for damage to a hydraulic press allegedly sustained during negligent handling by the terminal operator's stevedores. *See Wemhoener Pressen,* 5 F.3d at 736. In holding that the carrier's limitation of liability under COGSA and the Harter Act inured to the benefit of its subcontractor, the terminal operator, the Fourth Circuit noted:

> So long as the bill of lading is still governed by COGSA or the Harter Act … the rights and obligations of third party beneficiaries … should be determined with reference to the bill of lading, not state law, even if state law is inconsistent. …
>
> In so holding, we join a number of other courts that also have viewed the arena of international maritime transport best left to the regulation of Congress.

*Id.* at 740–41; *see also B. Elliott (Canada) Ltd. v. John T. Clark & Son,* 704 F.2d 1305 (4th Cir.1983); *Koppers Co. v. S/S Defiance,* 704 F.2d 1309 (4th Cir.1983). This language suggests that COGSA and the Harter Act preempt all equivalent remedies available under varying state law systems. Indeed, in *Wemhoener Pressen,* the Fourth Circuit expressly rejected a decision from the Second Circuit Court of Appeals which held that where COGSA does not apply of its own force, state law governs and therefore provisions of COGSA incorporated by contract can be valid only insofar as they do not conflict with applicable state law. *See Wemhoener Pressen,* 5 F.3d at 740 (rejecting *Colgate*

*Palmolive Co. v. S.S. Dart Canada,* 724 F.2d 313, 315–16 (2d Cir.1983), *cert. denied sub nom., Global Terminal & Container Svcs., Inc. v. Colgate Palmolive Co.,* 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 562 (1984)). Accordingly, this Court HOLDS that COGSA preempts the Plaintiff's common law negligence and breach of contract claims.

 Even assuming *arguendo* that COGSA does not preempt counts two and four of the complaint, the Court agrees with the Defendants that the Plaintiff's pendent claims should be dismissed. A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (Supp.1994); *see also Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995). Among the factors that inform this discretionary determination are fairness and convenience to the parties, federal policy, comity and judicial economy. *See Shanaghan,* 58 F.3d at 110; *see also Coppage v. Mann,* 906 F.Supp. 1025, 1047 (E.D.Va. 1995). While this case does not involve an underlying issue of federal policy or a "novel or complex issue of state law such that the principle of comity would counsel a dismissal without prejudice in favor of a state-court resolution," *Coppage,* 906 F.Supp. at 1047, it also has not progressed to the point where dismissal would prejudice one or all of the parties. Nor does it require more than one judicial forum to decide the same controversy so as to contravene the goal of judicial economy. Accordingly, even if COGSA does not preempt the Plaintiff's claims for negligence and breach of contract, the Court **DECLINES** to retain jurisdiction over those pendent claims.

The Defendants' joint motion to dismiss the Plaintiff's negligence and breach of contract claims is **GRANTED**.

### III.

A forum selection clause is generally presumed enforceable in a federal court sitting in admiralty and should be enforced specifically unless the party opposing the clause clearly shows that it should not be enforced because it is unreasonable, unjust, against the public policy of the forum in which suit is brought, or invalid because of a traditional contract defense such as fraud or overreaching. In addition, a foreign forum selection clause in a bill of lading does not lessen the liability of an international maritime carrier so as to be nullified by section 3(8) of COGSA. Furthermore, the Plaintiff in this case has failed to establish the inadequacy of the statutory guarantees which would be recognized by the foreign tribunal designated in the forum selection clause presently at issue. Similarly, the Plaintiff has failed to establish that the clause paramount in the disputed bill of lading trumps the forum selection clause in the same document or that Croatia is an unreasonable forum for the resolution of the present dispute. The Court therefore **HOLDS** that the forum selection clause contained in the bill of lading makes venue in this Court improper. Accordingly, the Defendants' joint motion to dismiss the Plaintiff's COGSA claim is **GRANTED**.

The Court **FINDS** that COGSA preempts state law remedies for goods subject to a bill of lading which are lost or damaged prior to delivery. Even if COGSA does not preempt state common law remedies, this Court, having dismissed the Plaintiff's only federal cause of action, **DECLINES** to exercise its discretion to retain jurisdiction over the Plaintiff's pendent claims for negligence and breach of contract. Accordingly, the Defendants' motion to dismiss the Plaintiff's negligence and breach of contract claims is **GRANTED**.

**IT IS SO ORDERED.**