**Armando TALATALA dba Brightstar Hawaii Enterprises, Plaintiff,**

v.

**NIPPON YUSEN KAISHA CORPORATION; and Transport Mutual Services, Inc.; John Does 1–10; Jane Does 1–10; Doe Corp.; Doe Partnerships; Doe Governmental Entities; and Doe Non–Profit Enterprises, Defendants.**

**NIPPON YUSEN KAISHA CORPORATION; and Transport Mutual Services, Inc., Third–Party Plaintiffs,**

v.

**NIPPON YUSEN KAISHA CORPORATION; Washington International Insurance Company; John Does 1–10; Jane Does 1–10; Doe Corporation; Doe Partnerships; Doe Governmental Entities; and Doe Non–Profit Entities, Defendants.**

**Armando TALATALA dba Brightstar Hawaii Enterprises, Plaintiff,**

v.

**NIPPON YUSEN KAISHA CORPORATION; and Washington International Insurance Company; John Does 1–10; Jane Does 1–10; Doe Corp.; Doe Partnerships; Doe Government Entities; and Doe Non–Profit Enterprises, Defendants.**

CV. Nos. 94–00340 DAE, 95–00240 DAE.

United States District Court,
D. Hawaii.

Jan. 29, 1997.

Richard W. Scripter, Joe P Moss, Honolulu, HI, for Armando Talatala.

Robert G. Frame, Leonard F. Alcantara, John O'Kane, Jr., Julie H. China, Alcantara & Frame, Honolulu, HI for Nippon Yusen Kaisma Corp.

Richard W. Scripter, Honolulu, HI, George W. Ashford, Jr., Ashford & Associates, Honolulu, HI, for Washington Intern. Ins. Co.

*ORDER GRANTING DEFENDANT NIPPON YUSEN KAISHA CORPORATION'S MOTION TO DISMISS AND DISMISSING REMAINING MOTIONS WITHOUT PREJUDICE*

DAVID ALAN EZRA, District Judge.

The court heard Defendant's and Plaintiff's Motions on January 27, 1997. Richard Scripter, Esq., appeared at the hearing on behalf of Plaintiff Armando Talatala dba Brightstar Hawaii Enterprises; John O'Kane, Esq., appeared at the hearing on behalf of Defendant Nippon Yusen Kaisha Corporation. After reviewing the motions and the supporting and opposing memoranda, the court GRANTS Defendant's Motion to Dismiss and DISMISSES the remaining motions WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Armando Talatala dba Brightstar Hawaii Enterprises ("Talatala") brought suit on May 5, 1994 (Civil No. 94–00340) and March 28, 1995 (Civil No. 95–00240) against Defendant Nippon Yusen Kaisha Corporation ("NYK") for the alleged deterioration of two different shipments of passion fruit puree. The parties dispute the reasons for the spoilage.

On September 10, 1996, the trial date set for Civil No. 94–00340, the court allowed Talatala to amend his complaint to allege additional damages and continued the trial date to allow additional discovery on the issue of damages. Thereafter, the case was consolidated with Civil No. 95–00240.

Currently before the court are NYK's Motion to Dismiss, or in the Alternative, for Partial Summary Judgment, Talatala's Motion for Partial Summary Judgment, and NYK's Counter–Motion for Summary Judgment,

## DISCUSSION

Defendant NYK moves to dismiss contending that this court lacks jurisdiction to determine the rights and liabilities of the parties based on the forum selection clause contained within the bill of lading. In the alternative, NYK moves for partial summary judgment on the grounds that (1) Talatala cannot assert claims of third parties who failed to timely file their claims against NYK and (2) Talatala is not entitled to recover any consequential damages.

NYK contends that because the bills of lading covering the two shipments of puree contained forum selection clauses choosing the Tokyo District Court in Japan, this court is not the proper forum for resolving the instant disputes. NYK further asserts that Talatala cannot demonstrate that employ-

ment of the forum selection clause is unreasonable or unjust. NYK additionally represents that if the court dismisses these cases based upon the forum selection clauses in the bills of lading, NYK agrees to waive any statute of limitations defenses it has against Talatala for loss or damage to the cargo covered by the two bills of lading. *See* Defendant's motion, at 9, fn. 3; Affidavit of John O'Kane.

■ Plaintiff opposes the motion mistakenly relying upon law before the Supreme Court decided *Vimar Seguros v. M/V Sky Reefer*, contending that forum selection clauses choosing foreign courts are unenforceable. Plaintiff thereafter argues that the forum Selection clause is permissive rather than mandatory. Plaintiff then contends that even if the clause is mandatory, application of the forum selection clause in the instant bills of lading would be unreasonable and unjust.[1]

■ Preliminarily, the court notes that NYK mischaracterizes the motion as one based upon lack of subject matter jurisdiction. A motion to dismiss premised on the enforcement of a forum selection clause is to be treated as a 12(b)(3) motion, based upon improper venue.[2] *R.A. Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.

1996). As such, the defense of improper venue shall be asserted in the first responsive pleading or it is waived. Fed.R.Civ.P. 12(h)(1). In both the Answer and First Amended Answer, filed before the instant motion, NYK asserts "all defenses available under the provisions of the Bill of Lading." Answer ¶ 77; First Amended Answer ¶ 77.[3] NYK thereafter filed the instant motion to dismiss based upon the forum selection clause and Talatala has had a full and complete opportunity to brief and argue the matter. The court therefore finds that NYK did not waive the defense of improper venue as it was asserted in paragraph 77 in the Answer and the First Amended Answer.

■ Also as a preliminary matter, Talatala contends that "NYK should be estopped from raising the jurisdictional issue after two years of litigation" and that "[t]here is no valid reason why the motion to dismiss could not have been brought two years ago." Plaintiff's "Reply" at 11. However, the court notes that the motion filing deadline in Civil No. 94–00340 passed before the Supreme Court made its decision in *Vimar Seguros v. M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995), upon which the instant motion is based.[4] Further, NYK's motion is made in the first responsive pleading

1. Talatala also contends that because the denial of Talatala's claims occurred after delivery, the Bills of Lading are not controlling as they only define the rights of the parties while the goods are in transit. Talatala then states that NYK was notified of the losses which flowed from the denial of the first claim. Apparently, Talatala mistakes his own cause of action; the claims arise from the condition of the goods upon delivery, NOT from NYK's denial of Talatala's claims. Talatala also states that because NYK was self-insured the court has an independent basis for jurisdiction arising from state tort law. NYK disputes the allegation that it is self-insured. Moreover, Talatala brought the instant action as an *admiralty* claim. Talatala agrees that COGSA applies, and COGSA's remedies are exclusive. *See Wemhoener Pressen v. Ceres Marine Terminals, Inc.,* 5 F.3d 734, 740 (4th Cir.1993) (COGSA preempts state common law claims relating to goods subject to a bill of lading which are damaged prior to delivery); *B.F. McKernin & Co. v. United States Lines, Inc.,* 416 F.Supp. 1068, 1070–71 (S.D.N.Y.1976) (COGSA remedies are exclusive and application thereof may not be avoided by casting claims in terms of common law tort).

2. The court notes however that there is case law in the Ninth Circuit treating dismissal on the basis of a forum selection clause as a motion to dismiss for lack of subject matter jurisdiction. *See Fireman's Fund Ins. Co. v. M/V DSR Atlantic,* 1996 A.M.C. 878, 1995 WL 871840 (N.D.Cal. 1995) (treating as dismissal for lack of subject matter jurisdiction invocation of Korean forum by affirmative defense in answer stating reliance upon all defenses contained within bill of lading).

3. NYK also amended the original answer as a matter of course pursuant to Fed.R.Civ.P. 15(a) to further assert that "this Court lacks jurisdiction over NYK and/or subject matter jurisdiction over the claims," again in the apparent misbelief that dismissal based upon the forum selection clause would derive from lack of subject matter jurisdiction rather than improper venue. First Amended Answer, ¶ 85.

4. The *Sky Reefer* case, decided June 19, 1995, overruled a line of cases following *Indussa Corp. v. S.S. Ranborg,* 377 F.2d 200 (2nd Cir.1967), which held that COGSA invalidates foreign forum selection clauses in bills of lading. The Supreme Court enforced a foreign arbitration clause contained within the bill of lading after determining that procedural mechanisms making

to Talatala's Second Amended Complaint, not as a latter day motion on the eve of trial. As such, the court finds that NYK is not estopped from asserting application of the forum selection clause contained within the Bills of Lading.

Both Bills of Lading covering the shipments at issue in the consolidated cases contain a clause stating:

> The contract evidenced by or contained in this Bill of Lading shall be governed by Japanese Law except as may be otherwise provided herein, and any action thereunder shall be brought before the Tokyo District Court in Japan.

■ Forum selection clauses are "prima facie valid" and "should control absent a strong showing that it should be set aside." *Bison Pulp & Paper Ltd. v. M/V Pergamos*, 1996 A.M.C.2022, 1995 WL 880775 (S.D.N.Y. 1995) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 7, 15, 92 S.Ct. 1907, 1911, 1916, 32 L.Ed.2d 513 (1972)). However, because a forum selection need not be enforced unless it is mandatory, the initial step for the court is to determine whether the clause at issue is in fact mandatory. *Id.* (citing *John Boutari & Son v. Attiki Importers*, 22 F.3d 51, 53 (2nd Cir.1994)).

■ To determine whether the forum selection clause is mandatory or permissive, courts look to the wording of the agreement, applying ordinary principles of contract interpretation. *Id.* The clause will be enforced if jurisdiction and venue are specified with mandatory or exclusive language. *Id.* (citing *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989)). An example of a permissive clause provided that "disputes shall come within the jurisdiction of the competent Greek Courts." *See John Boutari & Son v. Attiki Importers*, 22 F.3d 51, 53 (2nd Cir.1994). Because the language of the clause did not specify venue with mandatory

language or deprive other locales from exercising jurisdiction, the Second Circuit found the clause permissive. *Id.*

■ In contrast, the clause "any dispute arising must be treated before the London Court of Justice" was found to be "clearly mandatory and all-encompassing." *M/S Bremen*, 407 U.S. at 20, 92 S.Ct. at 1918. Likewise, the instant language "any action thereunder shall be brought before the Tokyo District Court in Japan" is clearly mandatory. Accordingly, the forum selection clause is enforceable absent a showing that such enforcement would be unreasonable and unjust. *Id.* at 15, 92 S.Ct. at 1916.

■ To determine whether enforcement of a forum selection clause would be unjust, courts look to a number of factors: (1) whether incorporation of the clause was the result of fraud or overreaching; (2) whether the contractual forum will be so gravely difficult and inconvenient that the plaintiff will be deprived of his day in court for all practical purposes; (3) whether the fundamental unfairness of the chosen law may deprive plaintiff of a remedy; and (4) whether enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Bison Pulp*, 1996 A.M.C. at 2033, 1995 WL 880775 (citing *M/S Bremen*, 407 U.S. at 12–18, 92 S.Ct. at 1914–18; other citations omitted).

### i. Fraud and Overreaching

■ NYK contends that there has been no fraud or overreaching as the clause contained in the instant Bill of Lading is standard language in all NYK's bills of lading. NYK additionally notes that Talatala is a sophisticated shipper.

■ Talatala contends there was fraud and overreaching in that the Bills of Lading were sent after the shipment was underway[5]

---

recovery under COGSA more difficult did not amount to a lessening of liability under COGSA, that none of the 66 countries who have enacted the Hague Rules has interpreted the provision equivalent to 3(8) of COGSA as prohibiting foreign forum selection clauses, and that under contemporary principles of international comity and commercial practice, foreign forum selection clauses should be given effect to avoid disparaging the authority of international dispute resolution fora and to promote orderliness and predict-

ability on the international level. *Sky Reefer*, 515 U.S. at 532–34, 115 S.Ct. at 2326–28, 132 L.Ed.2d at 470–73.

**5.** To the extent that Talatala is attempting to claim he is not a party to the bill of lading, and it is unclear whether he is in fact arguing this, acceptance of the bill of lading constitutes acceptance of the foreign forum selection clause. *Kanematsu Corp. v. M/V Gretchen W*, 897 F.Supp. 1314, 1317 (D.Ore.1995).

and that no negotiation or bargaining was involved. Talatala also points to alleged occurrences of fraud *after* shipment involving missing charts and records.

Preliminarily, the court finds that any alleged fraud in the form of destroyed documents and charts [6] is irrelevant to whether there was fraud in the formation of the Bills of Lading containing the forum selection clause. The court moreover finds that Talatala has produced no evidence which would support a finding that there was fraud or overreaching in the creation of the Bills of Lading. Indeed, "it is difficult to imagine that it could be since the plaintiffs are all apparently experienced commercial entities." *Bison Pulp,* 1996 A.M.C.2022, 1995 WL 880775. Further, the court notes that the Second Circuit has held that there was no evidence of fraud or overreaching in a forum clause printed in fine print on a cruise passenger ticket. *See Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7, 10 (2nd Cir.1995). Like Talatala, the plaintiff in *Effron* had no opportunity to bargain or negotiate on forums.

Similarly, the Supreme Court has declined to hold that forum selection clauses in form contracts are per se unreasonable. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In *Shute,* the Court found that forum selection clauses in form contracts were reasonable in the admiralty context because they provided a mechanism for those involved in shipping to minimize the potentially large number of fora in which they were subject to suit, because they helped to dispel conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay at a strange city, that she does not know any Greek lawyers, etc. Unsupported statements such as these do not meet the " 'heavy burden of proof' required to set aside a forum-selection clause on the ground of inconvenience." *Id.* at 11.

Similarly, a plaintiff's argument that Croatia was not a reasonable forum because it was economically unrealistic to pursue his case because the goods were in Virginia, two of the parties and a number of witnesses resided in the United States, and Croatia had a minimal connection to the dispute has been rejected as insufficient to defeat the presumption towards enforcing forum selection clauses. *Pasztory v. Croatia Line,* 918 F.Supp. 961 (E.D.Va.1996).

Finally, the Supreme Court itself has raised doubts on whether cost and inconvenience are ever sufficient to defeat a forum selection clause. *Sky Reefer,* 515 U.S. at 536–38, 115 S.Ct. at 2328, 132 L.Ed.2d at 473–74 ("It would be unwieldy and unsupported by the terms or policy of [COGSA] to require courts to proceed case by case to tally the costs and burdens to particular plaintiffs in light of their means, the size of their claims, and the relative burden on the carrier.").

Talatala has not provided any proof that he is unable to continue litigation beyond a conclusory affidavit. In light of the above case law, and the absence of proof, the court finds that Talatala has not shown that enforcement of the forum confusion, conserved judicial resources, and spared litigants the time and expense of pretrial motions, and because they could benefit purchasers of shipping services by reducing overall costs. *Id.* at 593–94, 111 S.Ct. at 1527–28.

This is a case between two businesses who are involved in the international transportation of goods whose bill of lading was negotiated in the normal commercial manner. The court finds that there has been no fraud or overreaching in the procurement of the Bills of Lading.

ii. Difficulty and Inconvenience of Contractual Forum

NYK contends that Talatala cannot show that he will be inconvenienced by litigating in Japan, noting that most of the witnesses are in the Philippines and would not have been able to come to the United States to testify at trial due to strict immigration requirements, that some witnesses are in Japan, and that Talatala resides in the Philippines a majority of the time.

Talatala argues that he will be deprived of his day in court if this court enforces the forum selection clause as he has no means to retain counsel in Japan or to finance new litigation.

---

**6.** The court notes that NYK denies these allegations.

"A forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." *Effron,* 67 F.3d at 10. Moreover, "a plaintiff may have his 'day in court' without ever setting foot in a courtroom." *Id.* at 11. The Second Circuit further stated that a plaintiff's agreement to litigate in a certain forum should not be "negated unilaterally by plaintiff's selection clause would be so difficult and inconvenient so as to deprive him of his day in court."

### iii. Fundamental Unfairness of the Contractual Forum so as to Deprive of Remedy

NYK argues that there is no evidence that Talatala would be deprived of a remedy if forced to proceed in Japan and agrees to waive any statute of limitations defenses it may have if the forum selection clause is enforced.

Talatala focuses upon the fairness aspect of this factor, rather than the possible deprivation of a remedy, arguing that it is unfair for NYK to bring this motion after two years of litigation, over $75,000 in legal fees, and several thousand dollars in costs for depositions in the Philippines. Talatala additionally argues that the instant forum is more convenient and states that several of his and NYK's witnesses are here, that his attorneys do not speak Japanese nor are licensed to practice in Japan, and that the cost of accommodation and air travel to Japan would be prohibitively expensive. The court notes that it considered these arguments in the context of the above factor, and stands by the finding stated above.

NYK responds to Talatala's argument by contending that Talatala will not be deprived of a remedy by litigating in Japan because Japan is also a signatory of the Hague Rules, upon which COGSA is based.

The court agrees with NYK. The proper standard for determining if unfairness is present is "whether the application of the foreign law presents a danger that the plaintiffs 'will be deprived of any remedy or treated unfairly.'" *Bison Pulp,* 1996 A.M.C. at 2033 (quoting *Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1363 (2nd Cir.), *cert. denied,* 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993)). The contractual choice of forum is not to be set aside merely because the foreign law may be different or less favorable than that in the United States. *Id.* Talatala has provided no evidence of any fundamental unfairness in the law that might be applied in Japan. Further, there is every indication that Talatala will be provided with a similar remedy in Japan.

### iv. Public Policy of the Instant Forum

NYK asserts that there is no evidence that proceeding in Japan will violate any public policy of the United States.

Talatala contends that there is a strong public policy of providing a remedy to an injured party and to do justice.

The court finds that Talatala has failed to point to any public policy against enforcing the forum selection clause. There is no evidence that the Tokyo District Court of Japan would not provide an appropriate remedy.

The court additionally finds Talatala's remaining arguments without merit. Talatala contends that the language in the Bills of Lading is permissive "since the law defining the scope of COGSA provides that a court may refuse to enforce a provision in the contract requiring the parties to apply foreign law." Plaintiff's "Reply" at 7. However, the foreign forum selection clause does not, in and of itself, require the parties to apply foreign law. While COGSA prohibits the lessening of a carrier's liability, it does not prohibit parties from agreeing to enforce the statute's provisions in a particular forum. *Sky Reefer,* 515 U.S. at 534–36, 115 S.Ct. at 2327, 132 L.Ed.2d at 472–73. The instant Bills of Lading provide that the contract shall be governed by Japanese law, *except as may be otherwise provided herein.* Each Bill of Lading also provides that it is subject to COGSA. Accordingly, application of the foreign forum selection clause does not require application of foreign law in such a way to lessen the carrier's liability in violation of COGSA 3(8).

Talatala also makes a vague reference that because COGSA applies through the Clause Paramount in the Bills of Lading, there is an ambiguity or a conflict between COGSA and

the forum selection clauses, and therefore COGSA applies to the exclusion of the forum selection clause.

The district court for the Eastern District of Virginia has recently addressed this same argument. *Pasztory v. Croatia Line,* 918 F.Supp. 961 (E.D.Va.1996). The court found the argument that the clause paramount in the bill of lading trumps the foreign forum selection clause unpersuasive and noted that it could not find a single case suggesting that the plaintiff's interpretation of the clause paramount was correct. *Id.* at 967. The court concluded that "more than a merely plausible argument regarding the interplay between a clause paramount and a forum selection clause is needed to overcome the presumption of enforceability which generally attaches to forum selection clauses in federal courts." *Id.*

Accordingly, the court GRANTS NYK's Motion to Dismiss for Improper Venue based upon the foreign forum selection clause contained in the Bills of Lading on the condition that NYK formally waive any statute of limitations defense it may have within 10 days of this Order.

As such, the remaining motions are DISMISSED WITHOUT PREJUDICE.

### CONCLUSION

For the reasons stated above, the court GRANTS Defendant's Motion to Dismiss and DISMISSES the remaining motions WITHOUT PREJUDICE.

IT IS SO ORDERED.