498

INTERNATIONAL MARINE UNDERWRITERS CU a/s/o Hyundai Corp., Plaintiff,

v.

M/V KASIF KALKAVAN, her engines boilers, etc., Hyundai Merchant Marine Co., Ltd., and Rize Denizcilik, A.S., Defendants.

No. 97 Civ. 3163 JSR.

United States District Court, S.D. New York.

Jan. 7, 1998.

James F. Sweeney, Nicoletti, Hornig & Sweeney, New York, NY, for Plaintiff.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiff, the subrogated cargo underwriter of Hyundai Corporation, seeks recovery for alleged damage to shipments of steel pipe transported from Korea to Savannah, Georgia and Camden, New Jersey on the M.V. Kasif Kalkavan, a vessel owned by defendant Rize Denizcilik, A.S., and under charter to defendant Hyundai Merchant Marine Co., Ltd. Each of the several bills of lading that govern the shipments contains a choice-of-law and choice-of-forum clause reading as follows:

> The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of Korea except otherwise provided in this Bill of Lading. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort, or otherwise shall be brought before the Seoul Civil District Court in Korea.

*See, e.g.,* Donatelli Dec.Ex. C, Clause 25. On the basis of this clause, defendants Rize Denizcilik, A.S. and Hyundai Merchant Marine Co. have moved to dismiss, contending that the clause requires plaintiff to bring the instant suit in Korea. For the reasons briefly stated below, the motion is granted, without prejudice, however, to plaintiff's subsequently bringing an *in rem* action in a United States forum against the ship defendant, M/V Kasif Kalkavan, which has hitherto not been arrested in this case.

The initial question presented by the motion is whether the above-quoted clause violates § 3(8) of the Carriage of Goods by Sea Act ("COGSA"), which provides that:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or

**499**

the ship from liability from loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties or obligations provided in this section, or lessening such liability otherwise than as provided in this chapter, shall be null and void and of no effect.

46 U.S.C. app. § 1303(8). Interpreting this section in *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (*"Sky Reefer"*), the Supreme Court held that procedural impediments that make a plaintiff's recovery in a foreign forum more difficult to achieve do not constitute the "lessening [of] liability" sufficient under § 3(8) to invalidate a choice of law or choice of forum clause. *See id.* at 534, 115 S.Ct. at 2326; *see also, e.g., Mitsui & Co. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir.1997); *3 P.P.D. International Corp. v. M/V Cast Muskox*, 1995 WL 728463 (S.D.N.Y.1995). The Court added, however, that "were we persuaded that 'the choice-of-forum and choice-of-law clauses [in a bill of lading] operated in tandem as a prospective waiver of a party's right to pursue statutory remedies, ... we would have little hesitation in condemning the agreement as against public policy.'" *Id.* at 540, 115 S.Ct. at 2329 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 637 n. 19, 105 S.Ct. 3346, 3359 n. 19, 87 L.Ed.2d 444 (1985)).

Plaintiff here claims that the instant clause falls within this latter, prohibited category because one or more of three aspects of Korean law allegedly deprive plaintiff of the statutory remedies safeguarded by COGSA.[1] Those aspects are (i) the difficulty under Korean law of effecting service on defendant Rize Denizcilik, A.S., the shipowner; (ii) the unavailability under Korean law of an *in rem* action against the ship, M/V Kasif Kalkavan;[2] and (iii) the alleged applicability of a principle of Korean law that permits a plaintiff to sue only one carrier, necessitating a choice between a suit against the shipowner and a suit against the charterer. The first

and third difficulties, however, have now been obviated by stipulation. Specifically, on October 20, 1997, defendant Rize Denizcilik, A.S. stipulated that "it shall submit to the jurisdiction of the Korean court and shall waive all service of process formalities and service of process defenses," and both moving defendants stipulated that they would "assume the responsibilities and liabilities (if the Korean court finds liability) of a carrier under Korean law." Stipulation of October 20, 1997 (filed December 31, 1997).

It is true that the remaining difficulty, *viz.*, plaintiff's inability under Korean law to bring an *in rem* action against the vessel, would appear to deprive plaintiff of one of the substantive rights expressly guaranteed by § 3(8). That section forbids "[a]ny clause ... in a contract of carriage relieving the carrier *or the ship* from liability ... or lessening such liability," 46 U.S.C. app. § 1303 (emphasis added), a clear reference to an *in rem* proceeding. That language would be rendered meaningless if an *in rem* action were viewed simply as a procedural device not protected under § 3(8) as interpreted by *Sky Reefer*. Nor is the Court persuaded by the Ninth Circuit's recent decision in *Fireman's Fund Insurance Company v. Cho Yang Shipping Company, Ltd.*, 131 F.3d 1336 (9th Cir.1997), which reached the opposite conclusion, for the court there appears wholly to have ignored the above-quoted statutory language that refers to the ship's own liability. *See id.* at 1339.

Nonetheless, the M/V Kasif Kalkavan has not in fact been arrested in this case, and the Court has the discretion—which it hereby exercises—to dismiss an *in rem* action when a vessel has yet to be arrested and the plaintiff has made only an unsupported allegation that the vessel will be present in the district during the pendency of the action. *See Vanol U.S.A. v. M/T Coronado*, 663 F.Supp. 79, 82 (S.D.N.Y.1987) (citing *International Terminal Operating Co. v. Skibs A/S Hidlefjord*, 63 F.R.D. 85, 1973 A.M.C. 2568, 2571 (S.D.N.Y.1973)); *see also Itel Con-*

1. Korea is not a signatory of the international equivalent of COGSA. *See Tradearbed, Inc. v. M/V Agia Sophia*, No. 96 Civ. 4930, at 8 (D.N.J. Aug. 14, 1997).

2. *See* Dec. of Duk Kyou Hyun ¶ 4; *see also Tradearbed, Inc. v. M/V Agia Sophia*, No. 96 Civ. 4930, at 9 (D.N.J. Aug. 14, 1997).

**500**

*tainer International Corp. v. Atlanttrafik Express Service Ltd.,* 686 F.Supp. 438, 445 (S.D.N.Y.1988).

■ Once the *in rem* action is dismissed, the putative invalidity of the forum-selection clause with respect to that action does not justify the Court's retention of jurisdiction over plaintiff's *in personam* action against the remaining defendants. Given their stipulations, the liability of these defendants would not be lessened by requiring plaintiff to bring suit in a Korean forum, and a Korean court's adjudication of such a suit would not preclude plaintiff from bringing an *in rem* action here against the M/V Kasif Kalkavan at some later point. *See Computer Assocs. International v. Altai, Inc.,* 126 F.3d 365, 370 (2d Cir.1997) ("Res judicata will not apply where the initial forum did not have the power to award the full measure of relief sought in the litigation.") (citation and internal quotation marks omitted).

Accordingly, the Court hereby dismisses, in favor of a Korean forum, plaintiff's *in personam* action against defendants Rize Denizcilik, A.S. and Hyundai Merchant Marine Co., Ltd., and further dismisses, without prejudice, plaintiff's putative *in rem* action against the M/V Kasif Kalkavan.[3] Clerk to enter judgment.

SO ORDERED.

---

3. Because dismissal for failure to serve the vessel within the 120–day time limit of Federal Rule of Civil Procedure 4 would also be without prejudice, *see* Fed.R.Civ.P. 4(m), the Court does not reach the issue of whether Rule 4(m) applies in a maritime action in which the vessel has not been

available in the district. *Compare, e.g., Itel Container International Corporation v. Atlanttrafik Express Service, Ltd.,* 686 F.Supp. 438, 444–45 (S.D.N.Y.1988), *with Tradearbed, Inc. v. M/V Agia Sophia,* No. 96 Civ. 4930, at 9 (D.N.J. Aug. 14, 1997).