**FIREMAN'S FUND INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**M.V. DSR ATLANTIC, her engines, tackle, machinery, etc., in rem; Cho Yang Shipping Company, Ltd., a corporation, Defendants–Appellants.**

No. 96–15734.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1997.

Decided Dec. 30, 1997.

As Amended March 10, 1998.

William M. Duncan, Morrison, Mahoney & Miller, San Francisco, California, for defendant-appellant Cho Yang Shipping Company, Ltd., and James J. Tamulski, Kay, Rose & Partners, San Francisco, California, for defendant-appellant DSR–Senator Lines.

Stanley L. Gibson, Derby, Cook, Quinby & Tweedt, San Francisco, California, for plaintiff-appellee.

Before: HUG, Jr., Chief Judge, GOODWIN and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider the enforceability of a foreign forum selection clause in a contract for a wine shipment from France to California by a Korean shipper. We disagree with the district court that the unavailability of in rem proceedings in Korea renders the clause unenforceable. We hold that the foreign forum selection clause at issue in this litigation neither lessens liability under the Carriage of Goods at Sea Act nor violates public policy, and we reverse.

## FACTUAL AND PROCEDURAL HISTORY

On November 24, 1992, appellant Cho Yang, a Korean corporation, issued a bill of lading to shipper J.F. Hildebrand France for the carriage of wine, cognac, and armagnac aboard the DSR Atlantic from France to the port of Oakland, California, for delivery to consignee Chalone, Inc. DSR–Senator Lines owns the DSR Atlantic, but Cho Yang had authorization to issue bills of lading for carriage of cargo aboard DSR–Senator Lines' vessels. The bill of lading contained the following language:

> The contract evidenced by or contained in this Bill of Lading is governed by the law of Korea and any claim or dispute arising hereunder or in connection herewith shall be determined by the courts in Seoul and no other courts.

Plaintiff-appellee Fireman's Fund Insurance Co. ("FFIC") insured the cargo aboard the DSR Atlantic, which suffered freeze damage en route from France to California. FFIC paid Chalone for the damage to the cargo, then filed the instant action against in personam defendant Cho Yang and in rem defendant the DSR Atlantic. FFIC asserted in its complaint that defendants were liable for the damage to the insured cargo. Defendants asserted as a defense that the forum selection clause was enforceable and operated to deprive the district court of subject matter jurisdiction. The parties agree that in rem proceedings are unavailable under Korean law.

The district court refused to enforce the forum selection clause and denied appellants'

motion to dismiss for lack of jurisdiction. The court certified this issue of first impression for interlocutory appeal and stayed the action pending outcome of this appeal.

## STANDARD OF REVIEW

■ We review for abuse of discretion the district court's refusal to enforce the forum selection clause. *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 323 (9th Cir.1996).[1]

## ANALYSIS

We are asked to decide whether the recent Supreme Court decision in *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995), compels enforcement of this foreign forum selection clause. We hold that it does.

■ A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Enforcement is "unreasonable" where it would "contravene a strong public policy of the forum in which suit is brought." *Id.* at 15, 92 S.Ct. at 1915.

■ FFIC has not shown that enforcement of the forum clause at issue here would be unreasonable. Insofar as litigating in Korea might represent a "serious inconvenience" to FFIC, the Supreme Court rejected that claim in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). FFIC has not met the "heavy burden of proof" required to reject enforcement of the forum clause on this ground. *Id.* at 595, 111 S.Ct. at 1528.

■ Nor does the clause "contravene a strong public policy of the forum in which suit is brought." *The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1915. Although litigating in Korea will deprive FFIC of its right to proceed in rem against The Atlantic, the loss of that right is insufficient to invalidate the forum clause on public policy grounds. The right to proceed in rem—based on the legal fiction of vessel as wrongdoer—certainly has a long and important history. *See, e.g., the China,* 74 U.S. (7 Wall.) 53, 68, 19 L.Ed. 67 (1868) (in rem admiralty proceedings have their source "in the commercial usages and jurisprudence of the middle ages"). Nevertheless, "in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control. . . ." *The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1915. Moreover, "the legal fiction of vessel apart from owner has not been applied when it would frustrate" other compelling interests. *See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1431 (9th Cir.1993) (listing cases). We therefore hold that the inability to proceed in rem is not sufficient to require us to set aside the forum clause on public policy grounds.

■ We also find no merit to FFIC's claim that we should invalidate the clause because the bill of lading in which it appeared was a contract of adhesion. First, we note that in *Sky Reefer,* the Supreme Court upheld the arbitration clause at issue even though it appeared in a "standard form bill of lading." *See* 515 U.S. at 534, 115 S.Ct. at 2325; *see also Carnival Cruise Lines,* 499 U.S. at 593, 111 S.Ct. at 1527 (upholding "non-negotiated forum-selection clause" that appeared in "form ticket contract"). Second, the authority that FFIC cites to support the contention that bills of lading are contracts of adhesion, *Hanjin Yosu,* fails to support the further claim that we should invalidate the forum clause on this ground.

In *Hanjin Yosu,* we held that:

Bills of lading are contracts of adhesion, usually drafted by the carrier, and are therefore strictly construed against the carrier. Any ambiguity in the bill of lading must be construed in favor of the shipper and against the carrier.

---

1. In recent years, several of our sister circuits have adopted de novo review of the enforceability of forum selection or arbitration clauses. *See, e.g., Mitsui & Co. v. Mira M/V,* 111 F.3d 33, 35 (5th Cir.1997); *Shell v. R.W. Sturge, Ltd.,* 55 F.3d 1227, 1229 (6th Cir.1995); *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 207 (7th Cir.1993); *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir.1992). We are bound to follow Ninth Circuit precedent, but note that our result would be the same under either standard of review.

7 F.3d at 1431 (internal quotations and citations omitted). The bill of lading at issue in this case unambiguously mandates that "the courts in Seoul and no other courts" are to adjudicate "any claim or dispute" that arises. As we find no ambiguity in the forum clause, whether or not the bill of lading is a contract of adhesion is of no relevance to the result we reach in this matter.

FFIC's final challenge to the forum selection clause, and the one that the district court accepted in invalidating the clause, is that the clause violates the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300 *et seq.* All cargo shipments carried by sea to or from the United States are subject to COGSA, *see* 46 U.S.C.App. § 1312, which provides in section 3(8) that "[a]ny clause . . . in a contract of carriage relieving the carrier or the ship from liability for loss or damage . . . or lessening such liability . . . shall be null and void and of no effect." *Id.* § 1303(8).

Prior to *Sky Reefer*, most courts followed *Indussa Corp. v. S.S. Ranborg,* 377 F.2d 200 (2d Cir.1967) (en banc), which held that COGSA § 3(8) prevented enforcement of foreign forum selection clauses in bills of lading. *See North River Ins. Co. v. Fed Sea/Fed Pac Line,* 647 F.2d 985, 988 (9th Cir.1981) (listing district courts that had followed *Indussa* in the Ninth Circuit). *Indussa* recognized the cost of litigating in a distant forum established " 'a high hurdle' in the way of enforcing liability," and that such an impediment to enforcement lessened liability in violation of COGSA § 3(8). 377 F.2d at 203.

Sky Reefer rejects the reasoning and the conclusion of *Indussa, see* 515 U.S. at 534, 115 S.Ct. at 2326, and holds that increased litigation costs do not invalidate a forum selection clause under COGSA § 3(8). *Id.* at 536, 115 S.Ct. at 2328. Although *Sky Reefer* concerned a foreign arbitration clause— whereas *Indussa* concerned a "true" foreign forum selection clause—*Sky Reefer* makes clear that "foreign arbitration clauses are but a subset of foreign forum selection clauses in general." *Id.* at 534, 115 S.Ct. at 2326; *see also id.* at 535, 115 S.Ct. at 2327 ("Nothing in [COGSA § 3(8)] suggests that the statute prevents the parties from agreeing to enforce [the requirements of COGSA] in a particular forum."). We agree with appellants that the *Sky Reefer* holding applies equally to forum selection clauses and arbitration clauses.[2] *See Mitsui & Co. v. Mira M/V,* 111 F.3d 33, 36 (5th Cir.1997) (extending *Sky Reefer* to forum selection clauses).

The district court found that FFIC's case here certainly benefitted from and quite possibly depended on the in rem action against the DSR Atlantic. To the district court, the unavailability of in rem rights in Korea "clearly" lessened liability in violation of COGSA. We think the answer is far from clear.

In applying COGSA, the question is not whether the foreign forum will apply COGSA itself, but "whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." *Sky Reefer,* 515 U.S. at 538, 115 S.Ct. at 2329. COGSA "guarantees" that the carrier will: "exercise due diligence to . . . [m]ake the ship seaworthy"; "[p]roperly man, equip and supply the ship"; "[m]ake the . . . parts of the ship in which goods are carried . . . fit and safe"; "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried"; and, "issue to the shipper a bill of lading" with specified contents. 46 U.S.C.App. § 1303 (1)—(3). According to *Sky Reefer,* "[t]hese are the substantive obligations and particular procedures that § 3(8) prohibits a carrier from altering to its advantage in a bill of lading." 515 U.S. at 537, 115 S.Ct. at 2327.

Thus, the mere unavailability of in rem proceedings does not constitute a "lessening of the *specific liability* imposed by [COGSA]," *id.* at 537, 115 S.Ct. at 2327 (emphasis added); rather, it presents a "question of the

---

**2.** Justice O'Connor, concurring in *Sky Reefer,* sought to limit the holding of that case to foreign arbitration clauses only. *See* 515 U.S. at 540–41, 115 S.Ct. at 2330–31 (O'Connor, J., concurring). The *Sky Reefer* majority *and* dissent both rejected this limitation. *See id.* at 534, 115 S.Ct. at 2327; *id.* at 546 n. 7, 115 S.Ct. at 2333 n. 7 (Stevens, J., dissenting) ("The majority's reasoning . . . thus presumably covers forum selection as well as arbitration."). We think that the language and reasoning of *Sky Reefer* strongly support extending that case to foreign forum selection clauses.

means ... of enforcing that liability." *Id.* Appellants have presented uncontroverted evidence that Korean law will be at least as favorable as COGSA to FFIC; Korean law therefore will not "reduce the carrier's obligations ... below what COGSA guarantees." *Id.* at 538, 115 S.Ct. at 2329. We believe the district court erred in finding that litigation in Korea would lessen appellants' liability to FFIC in this matter. The foreign forum selection clause at issue is enforceable.

REVERSED and REMANDED to the district court with instructions to dismiss the matter for want of jurisdiction.