**JEWEL SEAFOODS LTD., Plaintiff,**

**v.**

**M/V PEACE RIVER, and M/V Wealthy River, their engines, boilers, tackle, furniture, equipment, freights, and apparel, in rem, and China Ocean Shipping (Group) Company, and Atlantic Trucking Company, in personam, Defendants.**

**No. 2:98–0723–18.**

United States District Court,
D. South Carolina,
Charleston Division.

March 24, 1999.

Rivers T. Jenkins, Charleston, SC, for plaintiff.

Gordon D. Schreck, Charleston, SC, Robert G. Clawson, Jr., Charleston, SC, for defendants.

## ORDER

NORTON, District Judge.

This action is before the court on Defendants WEALTHY RIVER and PEACE RIVER's Motion to Dismiss on the grounds of insufficiency of process and insufficiency of service of process. Joined by Defendant China Ocean Shipping (Group) Company (COSCO),. these two *in rem* Defendants also filed a Motion to Dismiss on the grounds that this court lacks subject matter jurisdiction and venue based on the forum selection clauses in the bills of lading.

### I. FACTUAL BACKGROUND

This case involves a claim for damage to containerized cargoes of frozen crabs transported from Charleston, South Carolina, to Ningbo, China. The cargo, sold by Jewel Seafoods, was shipped out of Charleston on board the motor vessels, PEACE RIVER and WEALTHY RIVER, under COSCO bills of lading numbers CHN29291 and CHN30021. Both bills of lading contained identical, boiler-plate forum selection clauses. The clause reads as follows:

> **JURISDICTION.** This Bill of Lading is governed by the laws of the People's Republic of China. All disputes arising under or in connection with this bill of lading shall be determined by the laws of the People's Republic of China and any action against the Carrier shall be brought before the Maritime Court in Guangzhou or Shanghai or Tianjin or Qingdao or Dalian where the principal place of business of the relevant company is located.

(Combined Transport Bill of Lading cl. 3)

When the cargo arrived in China, the "notify parties," Zhejiang International Fisheries Corporation and Zhejiang Foreign Economic Relations & Trade Development Corporation, learned that part of the cargo had arrived in a damaged condition.[1] According to Plaintiff, agents from the "notify parties", Messrs. Jun Tang and Wu Xin Xing, met with Mr. Li Jin Shu, the deputy, manager of COSCO's Ningbo office to discuss the status of the

---

1. These parties were not the actual consignees under the bills of lading, which stated that the consignees were "to order." Neverthe-less, these parties were the "notify parties" on the bills of lading and allegedly the ultimate consignees.

cargo damage claims. By affidavit, the two agents of the "notify parties" state that COSCO's agent advised them that the claim would not be received in China and should be pursued in the United States. (Jun Tang Aff. ¶ 6; Wu Xin Xing Aff. ¶ 8) In letters dated February 14 and February 23, 1997, Jun Tang and Wu Xin Xing informed Plaintiff that COSCO in China would not accept their claims and that they should pursue their claims in the United States. (Marshall Aff.Exs. 1, 2, & 3) Indeed, in the letter dated February, 14, 1997, Wu Xin Xing asked Plaintiff to represent him in filing a proper claim with COSCO in the United States. According to the affidavit of Plaintiff's owner and President, Plaintiff acted on this advice to the "notify parties" and pursued litigation in this court. (Marshall Aff. ¶ 7) According to the affidavit of Mr. Li Jin Shu, an agent of COSCO in Ningbo, he did not tell the "notify parties" to pursue their claim in the United States. (Li Jin Shu Aff. ¶ 10) Instead, he told them that COSCO would not compensate them because they could not provide any supporting materials to prove that the cargo had actually suffered damage. (Li Jin Shu Aff. ¶ 7)

## II. PROCEDURAL HISTORY

On March 17, 1998, Plaintiff filed a Complaint against Defendants under this court's admiralty jurisdiction. Plaintiff alleged a cause of action under the Carriage of Goods By Sea Act (COGSA), and claims for a violation of the unfair trade practices act, the breach of a bailment contract, the breach of a duty under the Carmack Amendment, and a claim for fraudulent bills of lading. On July 10, 1998, Defendant COSCO filed its Answer, asserting, inter alia, that a forum selection clause in the appropriate bills of lading mandated exclusive jurisdiction for such claims in the People's Republic of China. On January

29, 1999, Defendants WEALTHY RIVER and PEACE RIVER filed a Motion to Dismiss on the grounds of insufficiency of process and insufficiency of service of process. The same day, these two *in rem* Defendants and Defendant COSCO filed a Motion to Dismiss on the grounds that this court lacked subject matter jurisdiction and venue based on the forum selection clauses in the bills of lading.

## III. LAW/ANALYSIS

### A. *In Rem* Actions Against M/V PEACE RIVER and M/V WEALTHY RIVER

Defendants PEACE RIVER and WEALTHY RIVER move this court to dismiss Plaintiff's *in rem* actions against them because of insufficiency of process, insufficiency of service of process, and the expiration of the 120 day time limit under Federal Rule of Civil Procedure 4(m). Because Plaintiff does not oppose this motion, this court dismisses Plaintiff's claims against Defendants M/V PEACE RIVER and M/V WEALTHY RIVER without prejudice.

### B. *In Personam* Actions Against COSCO[2]

Defendant COSCO moves this court under Rules 12(b)(1) and 12(b)(3) to dismiss Plaintiff's *in personam* claims against COSCO because the forum selection clause in both bills of lading divests this court of subject matter jurisdiction and venue. Because this court finds that it lacks subject matter jurisdiction over the claims against COSCO, it need not address the venue issue. "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945

---

**2.** Defendant Atlantic Trucking Company did not join in Defendant COSCO's Motion to Dismiss because it was not a party to the bill of lading. Nevertheless, this court "will enforce the [forum selection] clause despite the specter of multi-fora litigation" because to do

otherwise "would allow [Plaintiff] to escape enforcement of forum selection clauses simply by adding defendants and claims." *Union Steel America Co. v. M/V Sanko Spruce,* 14 F.Supp.2d 682, 696 (D.N.J.1998).

F.2d 765, 768 (4th Cir.1991). The district court may consider evidence outside the pleadings, including affidavits, without converting the motion to one for summary judgment. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999): *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). "The district court should apply the standard applicable to a motion for a summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R.R. Co.,* 945 F.2d at 768. "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

■ Federal law governs a district court's decision to enforce or not enforce a forum selection clause. *See Scott v. Guardsmark Security,* 874 F.Supp. 117, 120 (D.S.C.1995). Forum selection clauses are prima facie valid and enforceable. *See Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996). The forum selection clauses in COSCO's bills of lading will be enforced unless: (1) to do so would violate COGSA; or (2) enforcement would be "unreasonable" under the circumstances; or (3) COSCO should be equitably estopped from enforcing the clause.

### 1. Validity of Foreign Forum Selection Clauses in Bills of Lading Covered by COGSA

■ All cargo shipments carried by sea to or from ports in the United States are subject to the provisions of the Carriage of Goods by Sea Act (COGSA). *See* 46 U.S.C.App. §§ 1300 to–1315 (1994). Section 1303(8) provides that "[a]ny clause ... in a contract of carriage relieving the carrier or the ship from liability for loss or damage to ... the goods ... or lessening such liability ... shall be null and void and of no effect." 46 U.S.C.App. § 1303(8) (1994). Prior to the Supreme Court's landmark decision in *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,*

515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995), the majority of courts held that the above-quoted section from COGSA prevented the enforcement of foreign forum selection clauses in bills of lading. *See, e.g., Indussa Corp. v. S.S. Ranborg,* 377 F.2d 200 (2d Cir.1967) (fountainhead case for this proposition). In *Indussa,* the Second Circuit reasoned that a forum selection clause "could almost certainly lessen liability" if the foreign tribunal did not apply COGSA or the Hague Rules. *See id.* at 203. Indeed, even if the foreign court applied these rules, there would be no guarantee that it would apply them in a similar manner as would a court in the United States. *Id.* at 203–04. After *Indussa,* the courts of appeals "without exception" invalidated foreign forum selection clauses under COGSA. *See Sky Reefer,* 515 U.S. at 533, 115 S.Ct. 2322.

In *Sky Reefer,* the Supreme Court rejected both the reasoning and the conclusion of the *Indussa* court. The Supreme Court analyzed COGSA and found that it did not prevent parties from agreeing to enforce obligations in a particular forum so long as liability for any loss or damage is not lessened through the agreement. *See Sky Reefer,* 515 U.S. at 534–40, 115 S.Ct. 2322. The Court found that the relevant question was "whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." *Id.* at 539, 115 S.Ct. 2322. The Court concluded that "[w]ere there no subsequent opportunity for review and were we persuaded that 'the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies ..., we would have little hesitation in condemning the agreement as against public policy.'" *Id.* at 540, 115 S.Ct. 2322 (*quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 639 n. 19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). Although *Sky Reefer* dealt with an arbitration clause rather than a foreign forum selection clause, the

Supreme Court noted that "foreign arbitration clauses are but a subset of foreign forum selection clauses in general." *Sky Reefer*, 515 U.S. at 534, 115 S.Ct. 2322. Since the Supreme Court enunciated the test for foreign arbitration clauses in *Sky Reefer*, courts have almost universally found that the *Sky Reefer* rule is equally applicable to COGSA cases involving foreign forum selection clauses. *See Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1339 (9th Cir.1997); *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 36 (5th Cir.1997); *Union Steel America Co. v. M/V Sanko Spruce*, 14 F.Supp.2d 682, 691 (D.N.J.1998); *International Marine Underwriters v. M/V Kasif Kalkavan*, 989 F.Supp. 498, 499 (S.D.N.Y.1998); *Great American Ins. Co. v. "Kapitan Byankin"*, No. C–96–0258 EFL ARB, 1996 WL 756863, at * 1–3 (N.D.Cal. Aug.1, 1996) (unpublished opinion); *Pasztory v. Croatia Line*, 918 F.Supp. 961, 966 (E.D.Va.1996).

Under the *Sky Reefer* test, COGSA does not automatically invalidate foreign forum selection clauses. Instead, as the party seeking to avoid enforcement of the clause, Plaintiff bears the burden of proving that the applicable substantive law in China precludes statutory COGSA remedies or otherwise reduces COSCO's obligations below what COGSA guarantees. *See Union Steel America Co.*, 14 F.Supp.2d at 691; *Hyundai Corp. U.S.A. v. M/V an Long Jiang*, No.97CIV.3855(RPP), 1998 WL 13835, at *2 (S.D.N.Y. Jan.15, 1998) (unpublished opinion). Plaintiff does not even argue that the substantive law of China would reduce COSCO's carrier obligations. Defendant has filed an affidavit from Yin

Dong-nian, a maritime lawyer in China and a professor at Shanghai Maritime University. According to Yin Dong–nian, the People's Republic of China has adopted and incorporated the Visby Rules (1968),[3] which relate to a carrier's obligations, into the Chinese Maritime Code. (Yin Dong-nian Aff. ¶ 14) "The Hague–Visby Rules generally provide for a higher limitation of liability than does COGSA, but the exact limitation varies among countries." *Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing, Wilhelmsen Lines A.S. & Maher Terminals, Inc.*, 979 F.Supp. 206, 210 (S.D.N.Y.1997); *see also Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing, Wilhelmsen Lines A.S. & Maher Terminals, Inc.*, 167 F.3d 99, 101 (2d Cir.1999) (noting that the Visby Rules impose "standard per-package or per-kilogram limitations which generally are higher than the $500 per package limitation of COGSA"). According to Article 56 of the Chinese Maritime Code,

> [t]he carrier's liability for the loss of or damage to the goods shall be limited to an amount equivalent to 666.67 Units of Account per package or other shipping unit, or 2 Units of Account per kilogramme of the gross weight of the goods lost or damaged, whichever is the higher.

(Maritime Code of the People's Republic of China Art. 56) Yin Dong-nian states that this limitation of liability is higher than that under COGSA. (Yin Dong-nian Aff. ¶ 5) Plaintiff has produced nothing to refute this proposition. Under a *Sky Reefer* analysis, the forum selection clause is thus enforceable because the application of Chinese Maritime law benefits Plaintiff, rather than diminishing its rights under COGSA.[4] *See Itel Container Corp. v. M/V*

---

**3.** In 1968, many of the countries that had adopted the Hague Rules of 1924 adopted an amending protocol, now known as the Visby Rules, that raised the per package amount of carrier liability. *See Van Ommeren Bulk Shipping B.V. v. Cooper/T. Smith Stevedoring Co.*, No. CIV. AND 98–4–7, 1999 WL 66019, at * 3 (D.Md. Feb.8, 1999); *J.C.B. Sales Ltd. v. M.V. Seijin*, 921 F.Supp. 1168, 1170 (S.D.N.Y. 1996). The United States did not adopt the

Visby Rules and so retains the $500 per package limit contained in COGSA. *See Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing, Wilhelmsen Lines A.S. & Maher Terminals, Inc.*, 167 F.3d 99, 101 (2d Cir.1999).

**4.** The parties did not address whether clause 26 in the bill of lading entitled Local Clause U.S. Trade trumps the forum selection clause. Clause 26 provides that

*"Titan Scan",* 139 F.3d 1450, 1455 (11th Cir.1998) (enforcing the forum selection clause because the foreign forum had adopted the Hague–Visby Rules, which contain a higher liability limitation than under COGSA). Because Plaintiff has failed to demonstrate that China's substantive law would reduce the carrier's obligations to the cargo owner below what COGSA guarantees, "Plaintiff has failed to overcome the presumption of enforceability which attaches to forum selection clauses in federal courts sitting in admiralty." *Pasztory v. Croatia Line,* 918 F.Supp. 961, 967 (E.D.Va.1996).

### 2. Validity of Foreign Forum Selection Clauses Generally

 Because foreign forum selection clauses that involve COGSA constitute only a sub-set of such clauses in general, the clauses at issue in this case must also be valid under general rules for validity of forum selection clauses. Although forum selection clauses are presumptively valid, their enforceability is not absolute. *See Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996). Upon a "clear showing that they are 'unreasonable under the circumstances,'" they will not be enforced. *Id. (quoting M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Forum selection clauses

> may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will

for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Id.* Plaintiff argues that the legal system and government of the People's Republic of China should dissuade this court from sending Plaintiff there to litigate its claim. Referring the court to consular information the United States Department of State issues to advise travelers on the perils of travel to various countries, Plaintiff claims that, as a litigant in China, its agents may be subject to detention. According to the Department of State,

> The People's Republic of China authorities commonly confiscate passports and levy exit bans against persons involved in commercial disputes. . . . The individual usually is not placed under arrest, but is sometimes detained in a hotel or other facility, until the commercial dispute is resolved. The U.S. Embassy or Consulate will issue another passport to any U.S. citizen who applies for one under these circumstances; however, even with a new U.S. passport[,] Chinese authorities may block departure by refusing to provide a visa for exit purposes.

(U.S. Dep't of State, Consular Information Sheet, China, dated July 2, 1997) Plaintiff argues that this litigation weapon

---

[a]s to the carriage of goods by sea from ports of the United States of America in foreign trade, this Bill of lading shall have effect subject to the provisions of the carriage of goods by sea act of the United States of America, approved April 16, 1936, which shall be deemed to be incorporated herein only for such carriage and nothing herein contained shall be deemed a surrender by the Carrier of any of his rights or immunities or an increase of any of his responsibility or liability under said Act. (Combined Transport Bill of Lading cl. 26) In *Pasztory v. Croatia Line,* 918 F.Supp. 961 (E.D.Va.1996), the Eastern District of Virginia addressed the interplay between forum selec-

tion clauses and such "local clauses" or "clauses paramount" in bills of lading. The court noted that such a clause, required to be in every bill of lading for shipments to and from United States' ports, "does nothing more than subject shipments ... to the terms and conditions of COGSA." *Id.* at 967. Even though this choice-of-law provision may be in conflict with the forum selection clause which states that Chinese commercial law will apply, this court need not address the conflict because the application of either COGSA or Chinese commercial law will not reduce COSCO's obligations below what COGSA guarantees.

in the hands of the communist government-controlled COSCO means that a trial in the People's Republic of China would be so fundamentally unfair as to violate the public policy of the United States. In the context of this spoiled seafood case, Defendant COSCO labels this argument a "red herring." Again, COSCO has proffered the affidavit of Yin Dong-nian in which he indicates that overseas litigants like Jewel Seafoods may, by hiring local counsel, prosecute claims in China without ever traveling to the country. (Yin Dong-nian Aff. ¶ 6) Jewel Seafoods' fears of detention in China until settlement are thus unfounded. As a result, Plaintiff's protestations regarding the clause's unreasonableness have failed to overcome the presumption of validity the China forum selection clause enjoys.[5]

### 3. Equitable Estoppel

 Without discussing which law should apply to its assertion of equitable estoppel. Plaintiff argues that Defendant COSCO should be estopped from enforcing the forum selection clause. In federal question cases such as this admiralty action, federal principles of equitable estoppel apply. *See, e.g., Marine Transp. Servs. Sea–Barge Group, Inc. v. Python High Performance Marine Corp.,* 16 F.3d 1133, 1139 (11th Cir.1994). Under federal common-law equitable estoppel principles, Plaintiff must prove the following elements:

> (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the

estoppel reasonably and detrimentally relied on the misrepresentation.

*Jose Maria Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program,* 129 F.3d 581, 587 (11th Cir.1997); *see also Ayalon v. AtlantaStaff, Inc.,* No. 94–56495, 94–56532, 1996 WL 477026, at *6 (9th Cir. Aug.21, 1996) (unpublished opinion); *Kaniewski v. Equitable Life Assurance Soc'y,* No. 88–01296, 1993 WL 88200, at *5 (6th Cir. Mar.26, 1993) (unpublished opinion). Plaintiff has filed the affidavit of its own President and affidavits from the agents of the "notify parties" in support of its argument for the application of equitable estoppel. Defendant COSCO has filed the affidavit of Mr. Lin Jin Shu, the COSCO agent in Ningbo, who is alleged to have told the "notify parties" to make their claim in the United States. Mr. Lin Jin Shu categorically denies making this statement. (Lin Jin Shu Aff. ¶ 10)

 Even taking the evidence in the light most favorable to Plaintiff by resolving all reasonable factual inferences in its favor, Plaintiff has failed to carry its burden of establishing subject matter jurisdiction by demonstrating that equitable estoppel is applicable to the facts of this case. Plaintiff argues that COSCO made a misrepresentation of material fact when COSCO's agent in Ningbo, China, made statements to the agents of the "notify parties," which they passed on to Plaintiff, that the "notify parties" should pursue their claims in the United States, not China. However, in its brief and at the motions hearing, Plaintiff failed to articulate why it did not know, and should not have known, the true facts in that the bills of lading specify with clarity, albeit in boilerplate language, that actions against COSCO relating to the shipment must be pursued in China. (Combined Transport Bill of Lading cl. 3)[6] Accordingly, because

---

**5.** The court notes that it is not the first court in a post-*Sky Reefer* case to enforce a China forum selection clause. *See Thyssen, Inc. v. M/V Alpha Jupiter,* No. 96 CIV. 8734(JGK),

1997 WL 88295, at *3, 9 (S.D.N.Y. Aug. 15, 1997) (unpublished opinion).

**6.** Plaintiff has also failed to demonstrate that the relationship between a shipper and the

Plaintiff has failed to establish all the elements of equitable estoppel, this court will not estop COSCO from enforcing the forum selection clause.

It is therefore,

**ORDERED,** that the *in rem* actions against Defendants M/V PEACE RIVER and M/V WEALTHY RIVER be **DISMISSED without prejudice;**

**ORDERED,** that Defendant COSCO's Motion to Dismiss for Lack of Subject Matter Jurisdiction be **GRANTED.**

**AND IT IS SO ORDERED.**

"notify parties" is such that a carrier making a representation to the "notify parties" could reasonably believe that the shipper would rely on that representation and that it would be reasonable for the shipper to so rely.